**Mario ALARCON ALVAREZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74467.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 23, 2010.

Sanjay Sobti, Esquire, Corona, CA, for Petitioner.

OIL, Carol Federighi, Esquire, Daniel Eric Goldman, Esquire, Senior Litigation Counsels, Jem C. Sponzo, Esquire, DOJ—U.S. Department of Justice, Theo Nickerson, Esquire, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Mario Alarcon Alvarez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider and reopen based on ineffective assistance of

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider or reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

 The BIA did not abuse its discretion in denying Alarcon Alvarez's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's June 5, 2008, decision. *See* 8 C.F.R. § 1003.2(b)(1).

 The BIA did not abuse its discretion in denying Alarcon Alvarez's motion to reopen due to ineffective assistance of counsel because he failed to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), and the ineffective assistance he alleges is not plain on the face of the record. *See Reyes v. Ashcroft,* 358 F.3d 592, 597–99 (9th Cir.2004).

We lack jurisdiction to consider Alarcon Alvarez's contentions related to the BIA's June 5, 2008, and June 27, 2005, orders, because this petition for review is not timely as to those orders. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**